QUESTIONS: 1. May the master of a vessel perform acts of pilotage such as docking and undocking without employing the services of a licensed pilot? 2. May a board of pilot commissioners set the rates to be charged by pilots for such services? 3. May a pilot charge a tonnage surcharge on vessels entering or leaving a port in addition to the rate based on the draft of the vessel?
SUMMARY: In the absence of a rule of the board of pilot commissioners to the contrary, the master of a vessel may perform certain acts of pilotage such as docking and undocking or moving a vessel from one station to another without employing a licensed pilot. The board of pilot commissioners may set the rates to be charged for pilotage service. Section 310.11, F.S., does not authorize the imposition of a surcharge based on tonnage. The statute authorizes the imposition of pilotage fees based only on the draft of a vessel. A surcharge based on tonnage would be of doubtful constitutional validity because of constituting an impediment to commerce in violation of the United States Constitution. AS TO QUESTION 1: There is no state law requiring the employment of a pilot to perform acts of pilotage within the waters of a port. Under the authority of s. 310.01, F.S., the members of the board of pilot commissioners of each county are empowered to act as port wardens. The statute authorizes them to make all necessary rules and regulations for the government and protection of the port. Section 310.015, F.S., is authority for the promulgation by the commissioners of the Port of Panama City, should this be their desire, of a rule requiring that any vessel entering or leaving the port or shifting within it secure the services of a licensed pilot for such undertaking. However, unless the board adopts such a rule, there appears to be no impediment to a master's performing such acts of pilotage himself. In such a case, the master would still be liable for the compulsory pilotage fee required by statute. Section 310.11, F.S., specifies that the rate of pilotage is payable by any vessel entering or leaving the port to any licensed pilot performing duty on board or to the pilot who first offers his services to the vessel. See 29A Fla. Jur. Ships and Shipping s. 69, p. 448. AS TO QUESTION 2: The power of the states to require vessels to take on local pilots upon entering or leaving their ports or, when local pilotage is refused, to incur liability for the fee anyway, is well established. Such statutes are generally deemed coercive and compulsory even though the master has the option of accepting the pilot or paying his fee.
[See] 70 Am. Jur.2d Shipping s. 61, p. 329. And they have been held to apply even to a master who is himself a pilot. The Carrie L. Tyler, 106 F. 422 (4th Cir. 1901). The pilot's right to recover his fees from the vessel is based on the theory that a contract results from the acceptance of his services by the vessel's owner or master, the terms of the contract having been set by statute. If the offer of pilotage services is declined, the pilot's right to his fee can be established only by statute. It has been interpreted as a right to compensation for the labor, expense, and risk of the pilot in putting himself in a position to offer his services, and the right to payment flows from an implied or quasi-contract. [See] 70 Am. Jur.2d Shipping s. 67, p. 332. Section 310.11, F.S., is the statutory authority granting the board of pilot commissioners the power to set the rate of pilotage to be paid by any vessel entering its port. The rate is in the sole discretion of the board, provided it meets or exceeds the minimum specified in the statute. Such authority is delegated pursuant to a general law and has been held to be not void as granting powers that may not be delegated. The Chase, 14 F. 854 (D.C. S.D. Fla. 1882). Since the very early cases of Gibbons v. Ogden, 9 Wheat. 1 (1824); and Cooley v. Board of Wardens of the Port of Philadelphia, 12 How. 299 (1851), the right of the several states to regulate pilotage within their waters has been sustained as a valid exercise of the concurrent power of the state and federal governments to regulate commerce. State laws in this regard are presumed valid unless in conflict with or superseded by a federal statute. [See] 70 Am. Jur.2d Shipping s. 55, pp. 325, 326. Congress has provided in 46 U.S.C.A. s. 215 that no pilot charges shall be levied by a state or subdivision thereof upon any coastwise steam vessel of the United States piloted by a federal pilot. See also 46 U.S.C.A. s. 364. It follows, then, that a state statute providing for compulsory pilotage is void insofar as it relates to vessels exempted therefrom by federal statute. Olsen v. Smith, 195 U.S. 332 (1904); and Spraigue v. Thompson, 118 U.S. 90
(1886). See also 70 Am. Jur.2d Shipping s. 62, p. 330. AS TO QUESTION 3: The question of charging a tonnage surcharge in addition to the charge based on the draft of the vessel opens up a Pandora's Box of constitutional ramifications. The power of the states to make pilotage compulsory in their ports has frequently been sustained as a constitutional exercise of police power. [See] 29A Fla. Jur. Ships and Shipping s. 69, pp. 446, 447. And neither are state pilotage laws open to attack as levying a tonnage tax or duty not uniform throughout the United States. Cooley v. Board of Wardens of the Port of Philadelphia, supra. However, it appears on the face that the tonnage surcharge suggested by the board would find difficulty in passing constitutional muster. I think such a tonnage surcharge can be nothing less than a tonnage tax which is prohibited by the Commerce Clause of the United States Constitution as an impediment to the free flow of commerce. See 15 Am. Jur.2d Commerce ss. 11, 20, 21, pp. 641, 642, 651-654. For this reason, I have grave doubts as to the constitutional validity of such a tonnage surcharge. Furthermore, since the enabling legislation authorizing the board to establish pilotage fees addresses the draft of a vessel as the basis for the fee, it is questionable whether the board has the power to establish an additional fee or surcharge based on a different standard other than the one prescribed in the statute, i.e., tonnage.